By the Court.—Freedman, J.
This is an action of ejectment. At the trial the court directed a verdict for the defendants and ordered plaintiffs’ exceptions to be heard in the first instance at general term.
In the case of Townshend v. Frommer, 57 N. Y. Superior Ct. 90, in which with an exception to which *321 reference will be shortly made, the facts were almost identical, it was held by the general term of this court that the children of Mrs. Curtis, at the time of the foreclosure suit, had no estate whatever in the lands in question, but only a contingent equitable right under a power in trust to call for the execution of the power, (the contingency being that they should survive their mother,) and that consequently they were not necessary parties to the foreclosure suit.
In that case there was no evidence of any execution of the power in trust; The plaintiff in that case proceeded upon the theory, that the children of Mrs. Curtis took an estate in remainder by the trust deed, and this theory was pronounced untenable.
In the case at bar the plaintiffs come with conveyances by way of an alleged execution of the power in trust, and upon them they ask this court to adjudge that such alleged execution of the power gives them an estate by virtue of which they can maintain this action of ejectment. This seems to be the only new element in the present case that was not in the case of Townshend v. Frommer.
But I do not see how this new element can work the result claimed. The decision in the case last referred to established that, at .the time of the commencement of the foreclosure suit and the entry of the decree therein, the whole estate was in Mrs. Racey and in Mrs. Curtis, in Mrs. Racey for life and in Mrs. Curtis in fee in reversion ; that Mrs. Racey and Mrs. Curtis and the heirs of Mrs. Curtis were barred by the decree in the foreclosure suit; that the whole legal estate passed to the purchasers at the Master’s sale ; and that for these reasons the children of Mrs. Curtis, as the holders of a merely contingent right in equity which did not give them an estate in the land, were not necessary parties. If that decision is correct, and its correctness must be assumed here, it follows *322 that, at the time of the alleged execution of the power in trust, the defendants held the whole legal estate in the land, and still hold the same, under and by virtue of the superior and prior lien given by the mortgage and the foreclosure and sale thereunder, and that, therefore, the estate of the defendants was neither divested nor subject to be divested, by any alleged execution of the power in trust. If the children of Mrs. Curtis have any right left which can be asserted, it must be asserted in equity. They are in no position to maintain ejectment.
The exceptions of the plaintiffs should be overruled and their' motion for a new trial denied, and judgment should be given for the defendants on the verdict, with costs.
Tbuax, J., concurred.